JAMES BROWN, Appellant, *v.* ALMON W. GRISWOLD, Respondent.

*Failure of a party to pay costs — one party cannot take advantage of the default of another, while the former's proceedings are stayed because of his failure to pay costs — Code of Civil Procedure, sec. 779.*

This action was noticed for trial by both parties for the February Term, 1878. In June, 1878, a motion made by the defendant was denied, with ten dollars costs, which have never been paid. In February, 1879, the action was reached upon the calendar, and on the plaintiff's failing to appear, a judgment by default was taken by the defendant.

*Held,* that the failure of the defendant to pay the costs awarded against him, operated, under section 779 of the Code of Civil Procedure, to stay all proceedings on his part; that he had no power to move for a dismissal of the complaint, and that the judgment should be set aside as entirely unauthorized. (BRADY, J., dissenting.)

APPEAL from an order entered on the 21st day of July, 1880, denying the motion of the plaintiff to set aside the judgment herein entered against him, and all proceedings subsequent thereto.

This action was regularly noticed for trial by both parties for the February Term, 1878. In June, 1878, a motion made by the defendant for leave to renew a motion to vacate an order of arrest was denied, with ten dollars costs, which were not paid. In February, 1879, the action was reached on the calendar, and the defendant, on the plaintiff's failure to appear, took a judgment by default, which was entered February 25, 1879. The defendant claimed, and the plaintiff denied, that notice of the entry of this judgment was served upon June 4, 1879. In July, 1880, the plaintiff made this motion to vacate the judgment.

*J. Gratz Brown* and *Geo. S. Sedgwick,* for the appellant.

*C. A. Runkle,* for the respondent.

BARRETT, J. :

I am unable to concur in the conclusion arrived at by my brother Brady. In my judgment the defendant's proceedings were stayed

by the non-payment of the costs awarded by the order of June 19, 1878. It was before that date that plaintiff noticed the cause for trial. Indeed, such notice was for the prior February Term. That notice may have been a waiver of any statutory stay resulting from the non-payment of motion costs *previously awarded,* so far at least as to enable the defendant to prepare for trial and to meet his adversary thereon. But I am at a loss to perceive how such a notice could amount to a waiver with respect to costs *subsequently imposed.* Can it be possible that where a party once notices a cause for trial, the statute ceases to be operative with regard to the costs of all future motions. It seems to me not. I cannot but think that the defendant had no power to move the dismissal; that such dismissal was no mere irregularity, but a direct violation of the statutory stay, and that it should be set aside as entirely unauthorized.

Upon the other point, I think the service of notice of entry of judgment is in such doubt, upon the affidavits, that it ought not to be found as a matter of fact. Before a party should be absolutely shut out, because of the lapse of the year, notice should be most clearly established. Then too the course pursued by the defendant seems to point to a belief, upon his part, in a formal but really ineffective service upon the attorney. Else why did he wait *until the expiration of the year* before giving the plaintiff unmistakable notice, by sending the sheriff with an execution?

I am in favor of reversing the order and granting the motion to set aside the judgment of dismissal, but, as there was some negligence upon the part of the plaintiff's attorney, without costs.

DAVIS, P. J.:

I concur with BARRETT, J. I think, for the reasons assigned by him, the order appealed from should be reversed and the motion granted, but without costs.

BRADY, J. (dissenting):

The judgment sought to be set aside was entered on the 25th of February, 1879, the notice of which entry was not served, however, until the 4th of June, 1879. The motion to set it aside was not made until July, 1880, more than one year after notice of its existence had been served, as already stated.

Upon the presentation of the motion the plaintiff sought to show that the notice had not been served by negative evidence, which was answered by affirmative evidence on the part of the plaintiff showing the service of the notice.

The difficulty seems to have arisen from the fact that the plaintiff's attorney had substantially abandoned the office which he had formerly occupied, and to which, according to designation, the papers in the case were to be sent. No notice of the abandonment seems to have been served on the attorney for the defendant; and it was not proved that his attention was called to it in any way, and, therefore, it does not appear that he had any notice of it. The object of this struggle, doubtless, was to show that the time limited by the Code under sections 724 and 1282 had not, in fact, expired, which would have been the case had notice of the judgment not been served, as alleged, on behalf of the defendant. This dispute seems to have been properly disposed of in the court below in favor of the defendant. The affirmative proof on all the rules of evidence is entitled to the superior consideration.

The judgment was obtained under what may be regarded as peculiar circumstances. The cause was noticed for trial for February, 1878, and, it would seem, by both parties. In June, 1878, a motion made by the defendant was denied, with ten dollars costs, which were not paid. The action was reached upon the calendar in February, 1879, and the plaintiff failing to appear default was taken and judgment docketed for costs. The plaintiff insists that the defendant was under a stay, according to the provisions of section 779 of the Code, for having omitted to pay the costs awarded against him, and that the court, therefore, had no power to grant the judgment which was directed. This view is erroneous. The plaintiff having noticed the cause for trial had a right to move it on, and the defendant had the right to prepare for the trial; and if he desired to avoid the judgment by default it was his duty to watch the progress made upon the calendar and be in court when the cause was called. If the plaintiff desired to avoid the default it was equally his duty to watch the progress upon the calendar and appear in court to urge his cause. Having noticed the cause for trial it was brought on upon his motion, and not upon the motion of the defendant, and the latter had the right to avail himself of all the advantages

arising from the negligence of the plaintiff. The plaintiff's attorney seems to have relied upon the stay as one effectually preventing the defendant from resisting his movements in the cause and, therefore, to have omitted to watch the progress upon the calendar, which is the chief reason assigned for not knowing of the call of the case and the disposition made of it at the circuit. The result must be regarded as one occasioned by negligence, because the plaintiff's attorney appears to have abandoned the case, if not absolutely, at least to such an extent that he knew nothing of its disposition for more than a year after it had been disposed of at circuit by a judgment upon default. I think we are not called upon under such circumstances to relieve the plaintiff from the judgment which was thus obtained, particularly as it does not prevent him from bringing another action.

The order should, therefore, be affirmed, with ten dollars costs and the disbursements of this appeal.

Order reversed, motion granted, without costs.